**CONFERENCE OF STATE BANK SUPERVISORS, Plaintiff,**

v.

**Charles E. LORD, Defendant.**

**Civ. A. No. 81–1591.**

United States District Court, District of Columbia.

Feb. 11, 1982.

James F. Bell, James R. Johnson, Arthur E. Wilmarth, Jr., John A. Buchman, Washington, D. C., for plaintiff.

Dina R. Lassow, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM

GESELL, District Judge.

This is a civil action for a declaratory judgment that regulations promulgated by the Comptroller of the Currency establishing the terms on which national banks may offer or purchase adjustable-rate-mortgages, 46 Fed.Reg. 18932 (1981) (to be codified in 12 CFR Part 29), are invalid to the extent they purport to preempt inconsistent state laws. The matter is before the Court on defendant's motion to dismiss or for summary judgment, plaintiff's cross-motion for summary judgment, and the oppositions thereto.[1]

The essential feature of an adjustable-rate-mortgage ("ARM") is that the interest rate may be periodically adjusted to reflect changes in prevailing interest rates. The regulations of the Comptroller provide that national banks may offer or purchase ARMs subject to various conditions relating to the permissible amount of each increase in interest, the frequency of increases, the maximum overall interest increase, and other matters. The regulations are intended to "encourage national bank participation in the residential mortgage market by facil-itating the development of new mortgage instruments . . . ," 46 Fed.Reg. 18934 (1981). A number of states have established restrictions on ARMs that conflict with the Comptroller's regulations in various respects. Believing that these state restrictions have the effect of discouraging national banks from offering ARMs the Comptroller determined that the regulations should override inconsistent state law. First, the regulations provide generally that national banks may offer ARMs without regard to any "limitations" imposed by state law. Second, the regulations preempt state laws which prohibit the charging of interest on interest and prepayment fees and that impair the enforceability of due-on-sale clauses.

The Comptroller raises the threshold issue of whether the plaintiff Conference of State Bank Supervisors has standing to bring this action. The Conference is an association composed of state government officials responsible for regulating state banks. Since it is firmly established that an individual state banking official has standing to bring an action against the Comptroller, *see Nuesse v. Camp*, 385 F.2d 694 (D.C. Cir. 1967), the only argument seriously pressed by the Comptroller is whether the Conference meets the other tests for associational standing. In *Hunt v. Washington Apple Advertising Commn.*, 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977), the Court stated:

> [W]e have recognized that an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Id.* at 343, 97 S.Ct. at 2441.

The purpose of the Conference is to promote the interests of state bank officials in performing their official duties and the par-

---

[1] By leave of Court an *amicus curiae* memorandum of law in support of defendant's motion for summary judgment was filed by various national banks.

ticipation of individual members in this lawsuit is unnecessary insofar as the cross-motions raise a pure issue of law. Thus the requisite of standing is clearly met.

█ The dispute on the merits is whether the Comptroller possesses the power to issue these regulations insofar as they pre-empt state banking laws. The Supremacy Clause requires that state law give way when there is a clear conflict between federal and state law. That the federal law at issue is in the form of regulations rather than statute does not alter its preemptive effect. *See Ray v. Atlantic Richfield Co.,* 435 U.S. 151, 172, 98 S.Ct. 988, 1001, 55 L.Ed.2d 179 (1978); *Free v. Bland,* 369 U.S. 663, 668, 82 S.Ct. 1089, 1093, 8 L.Ed.2d 180 (1962). Furthermore, it is undisputed that the banking laws of many states governing ARMs conflict with the Comptroller's regulations. The only question to be decided then is whether these regulations are within the scope of the Comptroller's powers granted by Congress.

█ The Comptroller relies on his rule-making power conferred by 12 U.S.C. § 371(g) (1976) and 12 U.S.C.A. § 93a (1981 Supp.). Section 371(g) of 12 U.S.C. provides:

> Loans made pursuant to this section shall be subject to such conditions and limitations as the Comptroller of the Currency may prescribe by rule or regulation.

This section was enacted as part of the Housing and Community Development Act of 1974, P.L. 93–383, the purpose of which was to authorize wider real estate lending powers for national banks. *See* H.R.Rep.No. 1114, 93d Cong., 2d Sess. 44 (1974). Since ARMs are "real estate" loans within the meaning of 12 U.S.C. § 371(a) and the challenged regulations establish "conditions and limitations" on such loans, the Comptroller was clearly authorized to issue these regulations under 12 U.S.C. § 371(g).

Furthermore, the Comptroller had the power to issue these regulations under 12 U.S.C. § 93a, which reads:

> Except to the extent that authority to issue such rules and regulations has been expressly and exclusively granted to an-

other regulatory agency, the Comptroller of the Currency is authorized to prescribe rules and regulations to carry out the responsibilities of the office, except that the authority conferred by this section does not apply to section 36 of this title or to securities activities of the National Banks under the Act commonly known as the "Glass-Steagall Act."

The responsibilities of the Comptroller include ensuring the safety and soundness of the national banking system, *see* 12 U.S. C.A. § 481 (1981 Supp.), and carrying out the provisions of federal banking law, which, as noted, authorize national banks to offer real estate loans. While 12 U.S.C. § 93a restricts the power of the Comptroller to issue regulations in certain important respects not relevant here, this authorization is otherwise broad in scope. Thus this provision also provides an independent statutory basis for the challenged regulations.

Accordingly, the motion of the Conference for summary judgment must be denied and the motion of the Comptroller to dismiss or for summary judgment will be granted. An appropriate Order is filed herewith.